**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENJAMIN LEVINE,<br><br>      Plaintiff,<br><br>      v.<br><br>LENDING-USA, *et al.*,<br><br>      Defendants. | Civil Action No. 19-11771 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court on the *in forma pauperis* application ("IFP Application") of Plaintiff Benjamin Levine ("Plaintiff") to proceed without prepayment of fees under 28 U.S.C. § 1915. (IFP Appl., ECF No. 3.)

**I. BACKGROUND**

The Complaint alleges what appears to be a contract dispute. Following an eight-year prison sentence, Plaintiff learned that an $85,000 capital gains tax debt he owed to the Internal Revenue Service (IRS) had ballooned to $300,000. (Compl. *4.)[1] Frustrated with the IRS, Plaintiff hired Defendant National Tax Debt ("NTD") to help ease his tax burden. (*Id.* at *5.) NTD proposed offering the IRS $15,000 to settle Plaintiff's debts; Plaintiff, however, did not have $15,000 on hand. (*Id.* at *6.) So, NTD additionally proposed that Plaintiff take out a $15,000 loan with Defendant Lending-USA. (*See id.*) According to Plaintiff, NTD told him that the first year of the loan would be interest-free because NTD could likely settle with the IRS within that year. (*Id.*)

---

[1] Record citation pin-cites with an asterisk indicate the page number in the CM/ECF header.

After some haggling over the loan application fee, Plaintiff authorized the loan. (*Id.* at *6-7.) Problems ensued. Plaintiff asserts that Defendants deceived him over the loan's interest rate. He alleges that although NTD told him the interest rate was 0% for the first year, the interest rate was actually 18.92% for the full loan term. (*Id.* at *9.) Further, even if it was 0% for the first year, Plaintiff alleges that NTD knew it could not resolve Plaintiff's debts owed to the IRS within one year. (*Id.* at *7.) And Plaintiff charges that he promptly contacted Defendants to cancel the loan after he authorized it—to no avail. (*Id.* at *7-8.)

As a result of this loan gone bad, Plaintiff asserts that Defendants owe him $15,000 plus $85,000 for "caus[ing] severe stress and chest pain with elevation of blood pressure." (*Id.* at *8.) In support of these damages, Plaintiff's Complaint appears to assert claims under a multitude of federal statutes, including 42 U.S.C. §§ 1981, 1983, and 1985. (*Id.* at *2-3.)

## II. LEGAL STANDARD

Congress designed the *in forma pauperis* statute, 28 U.S.C. § 1915, to "ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). To protect against abusive applications, Congress also authorized dismissal if a district court finds an *in forma pauperis* complaint to be frivolous, malicious, or failing to state a claim for relief. *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995); 28 U.S.C. § 1915(e)(2)(B). "In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of [the p]laintiff." *Abdul-Mateen v. Fed. Bureau of Prisons*, No. 11-4715, 2012 WL 2087451, at *1 (D.N.J. June 8, 2012).

## III. DISCUSSION

### A.   Plaintiff's IFP Application Is Granted.

The Court must carefully review Plaintiff's IFP Application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed

2

[IFP]." *Douris v. Middletown Twp.*, 293 F. App'x 130, 132 (3d Cir. 2008). Here, in support of his IFP Application, Plaintiff submitted a statement of his and his spouse's assets, income, and expenses. (*See generally* IFP Appl.) The IFP Application is complete and indicates that Plaintiff is unemployed and has monthly expenses exceeding monthly income by almost $5,000. (*Id.* at 1-2, 4-5.) The IFP Application also indicates that Plaintiff owes substantial debts, including $296,000 to the IRS and $150,000 in Medicare restitution. (*Id.* at 5.) The Court, accordingly, finds that Plaintiff has established indigence and grants the IFP Application.

> B.   **The Court Does Not Have Subject Matter Jurisdiction.**

The Court next screens the Complaint to determine whether it should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). The Court concludes that it must dismiss the Complaint because the Court lacks subject matter jurisdiction. That is so because the Complaint fails to adequately allege a federal question or diversity jurisdiction.

*First*, although the Complaint asserts various federal civil rights claims, none raise a federal question. "[T]he federal question must appear on the face of a well-pleaded complaint." *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n. of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981) (citation omitted). None of Plaintiff's asserted federal statutes are well-pleaded or even apply to this case:

- 42 U.S.C. § 1981 – No allegations of intentional discrimination. *See Pryor v. NCAA*, 288 F.3d 548, 562 (3d Cir. 2002) ("§ 1981 provide[s] a private right of action for intentional discrimination only." (citations omitted)).

- 42 U.S.C. § 1983 – No allegations of state action. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) ("To satisfy the [§ 1983] state action requirement, the defendant must have used authority derived from the state in causing the alleged harm." (citation omitted)).

- 42 U.S.C. § 1985 – No allegations of "private conspiracies predicated on 'racial, or perhaps otherwise class based, invidiously discriminatory animus.'" *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

*Second*, Plaintiff has not met the requirements for diversity jurisdiction. Under 28 U.S.C. § 1332, Plaintiff must allege complete diversity of citizenship between the parties and must allege an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Here, although the Complaint facially alleges $100,000 in total damages, the Court finds that the Complaint's facts cannot support Plaintiff's asserted damages. That is because "it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007) (citations omitted). The Complaint asserts $15,000 in contract damages and $85,000 in emotional damages. (*See* Compl. *8 (alleging "severe stress").) And liberally construed, Plaintiff's Complaint appears to assert claims for breach of contract or unjust enrichment. (*See id.* at *9 ("Plaintiff was not only deceived, he was ignored for the sole purpose of enriching the two defendants.").) But emotional damages are not available for breach-of-contract claims, and New Jersey does not recognize a claim for unjust enrichment. *See Skylapa v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 461 (D.N.J. 2009) ("[I]t is axiomatic that a plaintiff may not recover for emotional distress caused by a defendant's alleged breach of contract . . . ."); *Swift v. Pandey*, No. 13-650, 2014 WL 3362370, at *3 (D.N.J. July 8, 2014) ("New Jersey does not recognize unjust enrichment as an independent tort cause of action."

(citations omitted)). Thus, the Court must discount Plaintiff's emotional damages as legally baseless. *See Frederico*, 507 F.3d at 194.[2]

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's IFP Application and dismisses the Complaint for lack of subject matter jurisdiction. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that Plaintiff seeks $85,000 in emotional damages while also alleging that he owed $85,000 to the IRS. (*See* Compl. *4, *8.)